SUMMARY ORDER

Petitioner Chang Hui Wang, a native and citizen of the People’s Republic of China, seeks review of an October 2, 2008 order of the BIA affirming the August 15, 2006 decision of Immigration Judge (“IJ”) Patricia A. Rohan denying his application for relief under the Convention Against Torture (“CAT”). In re Chang Hui Wang, No. A 098 355 939 (B.I.A. Oct. 2, 2008), aff'g No. A 098 355 939 (Immig. Ct. N.Y. City Aug. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
It is well-settled that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). While “conced[ing] that there is a risk that any individual detainee in China may be subjected to repressive conditions in prison,” that generalized risk alone does not suffice to demonstrate that a particular petitioner is more likely than not to be tortured if repatriated to China. Id. Rather, a petitioner must present particularized evidence indicating that he or she would *133 likely be subjected to torture in Chinese prisons. Id.
Wang asserts that he demonstrated that he would more likely than not be tortured upon return because he presented credible evidence that his schoolmate and another individual who were returned to China were subject to torture because of them illegal departure. Those assertions notwithstanding, we find no error in the agency's conclusion that Wang failed to present evidence that he, in particular, would more likely than not be tortured upon return. See Mu Xiang Lin, 432 F.3d at 160. Indeed, as the agency found, Wang had previously returned to China after attempting to emigrate and was not subject to harm upon his return. While Wang attempted to distinguish his second departure, the agency did not err in rejecting that distinction. Therefore, the agency properly denied his request for CAT relief. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).